UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

LAVERNA KENNEY,

    Plaintiff,

-against-

**MEMORANDUM AND ORDER**
11-CV-885 (ARR)

DEPT. OF EDUCATION,

    Defendant.
-----------------------------------------------------------x

ROSS, United States District Judge.

Plaintiff LaVerna Kenney, appearing pro se, files this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff has paid the requisite filing fee to bring this action, but the court dismisses the complaint as frivolous for the following reasons.

## BACKGROUND

Plaintiff's cause of action is the same as that of a complaint she filed in July of 2006 in the United States District Court for the Southern District of New York (the "Southern District Action"). On October 22, 2007, that court issued an opinion and order granting defendant New York City Department of Education's motion for summary judgment and dismissed plaintiff's complaint. See Kenney v. NYC Dept. of Educ., No. 06 Civ. 5770 (HB), Dkt. No. 16 (S.D.N.Y. Oct. 22, 2007); see also id., Dkt. No. 22 (S.D.N.Y. Jan. 2, 2008) (denying plaintiff's motion for reconsideration). In the Southern District Action, plaintiff brought suit pursuant to Title VII against the same defendant and submitted a "Dismissal and Notice of Rights" letter ("Right to Sue Letter") dated May 2, 2006, from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleged that defendant

1

"improperly terminated her from service as a probationary attendance teacher and denied her reemployment as a teacher in 2005 and 2006 on the basis of her race." See id., Document 16 at 1.

## DISCUSSION

In Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000), the Second Circuit affirmed the sua sponte dismissal of the plaintiff's third action alleging the same claims against defendants that were previously dismissed by the district court. Id. at 363. Similarly, plaintiff here does not allege any new claims, but merely repeats the same allegations as in her prior Southern District Action. Moreover, plaintiff references the same May 2, 2006 Right to Sue Letter that she submitted in her Southern District Action. As set forth in the Southern District's decision dismissing the plaintiff's action, plaintiff was unable to establish a prima facie case to support these allegations. Plaintiff's resubmission of the same allegations as a new action in a different court is frivolous.

Furthermore, this action is barred by the doctrine of res judicata, which holds that a judgment rendered on the merits bars a second suit between the same parties or their privies based on the same cause of action or claims. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). Moreover, a court may consider the issue of res judicata sua sponte, assuming the court has all relevant data and legal records. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir.1993) ("The failure of a defendant to raise res judicata in answer does not deprive a court of the power to dismiss a claim on that ground."). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); accord St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000).

To determine whether res judicata applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001); Bay Fireworks, Inc. v. Frenkel & Co., Inc., 359 F. Supp.2d 257, 261 (E.D.N.Y. 2005).

The court finds plaintiff's instant complaint to be a futile attempt to re-litigate the same failure-to-hire claim that was dismissed on the merits in plaintiff's Southern District Action. Accordingly, this action is both frivolous and barred by res judicata. See Fitzgerald, 221 F.3d at 363; Salahuddin, 992 F.2d at 449 ("Dismissal of appellant's recycled claims was not only appropriate but virtually mandatory . . . .").

## CONCLUSION

Accordingly, the complaint is hereby dismissed. Although plaintiff paid the filing fee to bring this action, if she requests in forma pauperis for any appeal, the court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross
ALLYNE R. ROSS
United States District Judge

Dated: March 29, 2011
Brooklyn, New York

3